The FIVE PLATTERS, INC., and Personality Productions, Inc., Plaintiffs–Appellees,

v.

MONROE POWELL, and Rowil Entertainment, Defendants–Appellants.

Nos. 99–56663, 00–55307, 00–55067, 00–55228.

D.C. No. CV–98–03712 MLR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 4, 2001.

Decided April 16, 2001.

Before FERGUSON and SILVERMAN, Circuit Judges, and BREYER,* District Judge.

MEMORANDUM**

The Five Platters, Inc. ("FPI") and Personality Productions, Inc. ("PPI") (collec-

---

* The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

tively, "the plaintiffs" or "the appellees") brought this action against the defendants Monroe Powell and his company Rowil Entertainment ("Rowil")[3] (collectively, "the defendants" or "the appellants") alleging breach of contract and infringement of the trademark "The Platters" ("the trademark") by Powell. The defendants appeal several orders of the district court. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 1292(a)(1), and we affirm in part and reverse in part. The parties are familiar with the facts and the procedural history of the litigation, so we need not repeat them here.

First, the defendants appeal the district court's grant of summary judgment in favor of the plaintiffs on both their common law trademark claim and breach of contract claim. We review a district court's grant of summary judgment de novo. *See Robi v. Reed,* 173 F.3d 736, 739 (9th Cir.), *cert. denied,* 528 U.S. 952, 120 S.Ct. 375, 145 L.Ed.2d 293 (1999).

In reviewing the plaintiffs' common law trademark claim, the district court erred in declining to give preclusive effect to three earlier cases: (1) *Five Platters, Inc. v. 12319 Corp.,* Los Angeles Superior Court Case No. 43926 (Levit, J.); (2) *Robi v. Five Platters, Inc.,* United States District Court Case No. CV 84–3326 (Marshall, J.); and (3) *Robi v. Bennett,* United States District Court Case No. CV 93–4546 (Marshall, J.).[4] Those decisions established that FPI presented and continues to present its group as "The Platters" even though the group no longer includes any of the five people who made the name famous and that FPI used the trademark with the intention of misleading the public into believing that FPI's group is the original group. As a result, the plaintiffs may not assert any common law trademark in "The Platters" based on their prior use of the mark to the extent that the plaintiffs' use has been false and misleading in suggesting that their group is the original Platters. Any use identifying the group as "The Platters," "The Five Platters," "The Buck Ram Platters," or "The Original Platters" is false and misleading under those prior decisions. Thus, unless the plaintiffs can present evidence that they used the trademark in a way that was not false and misleading (*e.g.,* by identifying the group as "The Platters Since 1970" or some similarly distinguishing label), they cannot assert a common law trademark in "The Platters." We reverse the district court's grant of summary judgment on the trademark claim and remand for an evidentiary hearing as to whether any of the plaintiffs' use of the mark was not false and misleading.[5] If the plaintiffs cannot

3. The parties and the record are inconsistent in spelling "Rowil," sometimes spelling it "Roewil." However, because "Rowil" appears on the parties' captions and seems to be the predominant spelling, this opinion will use that spelling.

4. This Court finds unpersuasive the plaintiffs' licensee estoppel argument and their contention that the district court would have abused its discretion in applying collateral estoppel.

5. We note that the plaintiffs failed to produce any evidence below that their use was not false and misleading and conceded at oral argument before this Court that they have never represented themselves in a way that would not mislead the public into believing that their group was the original Platters. Had the defendants appealed the district court's denial of their motion for summary judgment, we would be inclined to reverse that denial and order the district court to enter summary judgment on behalf of the defendants on the plaintiffs' common law trademark claim. However, because the defendants did not appeal the denial of their summary judgment motion, it would be improper to issue such an order at this time since the plaintiffs were not required to present such evidence as to their use in the district court. Instead, the plaintiffs should have an *opportunity* to present evidence that their use of the mark was not false and misleading,

present evidence of non-misleading use as defined by this order and the earlier decisions, the defendants are entitled to summary judgment on the plaintiffs' common law trademark claim.[6] At that time, the district court will no longer possess federal question subject matter jurisdiction and may choose to consider whether it wishes to exercise supplemental jurisdiction under 28 U.S.C. § 1367.

■ The district court also erred in granting summary judgment on the plaintiffs' breach of contract claim. Powell's affidavit, in which he claimed that he had been released from the contract and that he was subject to undue influence, raised a genuine issue of material fact precluding summary judgment. If the district court chooses to exercise supplemental jurisdiction, it must submit the plaintiffs' breach of contract claim to a jury.

■ Second, the defendants appeal the district court's award of damages to the plaintiffs. The district court erred in failing to submit the damages issue to a jury. A plaintiff seeking monetary damages for a breach of contract and trademark infringement is bringing at least in part a legal claim such that the parties have a right to a jury trial on certain issues. *See Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 477–78, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962) (holding that a trademark infringement plaintiff seeking payment for lost profits was pursuing a legal rather than an equi-

table claim). The defendants therefore had a right to a jury trial as to the plaintiffs' damages. Moreover, the evidence was insufficient to support the damages award since there was no evidence as to the defendants' revenues for 1996 and 1999.[7] We therefore reverse the district court's order awarding damages to the plaintiffs in the amount of $922,810.

■ Third, the defendants appeal the district court's contempt order. A district court's civil contempt order is reviewed for an abuse of discretion. *See FTC v. Affordable Media,* 179 F.3d 1228, 1239 (9th Cir. 1999). Any findings made in connection with the order of civil contempt are reviewed for clear error. *See id.* Because its contempt order was civil rather than criminal, the district court did not err in declining to submit the contempt issue to a jury. *See F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.,* 244 F.3d 1128, 1138 (9th Cir.2001) (describing when a contempt or sanctions order is criminal as opposed to civil and outlining the procedural protections required before a criminal contempt order may be entered). Moreover, the evidence was sufficient to support the order. Although the underlying summary judgment order was erroneous, the defendants may not (and do not) seek to evade the contempt order on that basis. *See In re Establishment Inspection of Hern Iron Works, Inc.,* 881 F.2d 722,

---

as unlikely as it may be that such evidence exists.

**6.** In the unlikely event that the plaintiffs can present some evidence of non-misleading use, then summary judgment for the defendants on the common law trademark claim would be inappropriate and the claim must be submitted to a jury to determine whether that use in fact misled the public into believing that the plaintiffs' group was the original Platters such that the plaintiffs cannot assert a common law trademark.

**7.** The Court notes that if the district court or the jury finds that the plaintiffs' use of the mark was always misleading such that the plaintiffs cannot pursue their common law trademark claim, then the damages calculations authorized by the Lanham Act will no longer apply. In other words, the plaintiffs will have to prove their damages caused by Powell's breach of contract in a traditional fashion rather than merely by relying on evidence of the defendants' profits.

725–26 (9th Cir.1989) (citing the collateral bar rule and noting that "[t]he contemnor cannot ordinarily raise the invalidity of the judicial order as a defense to a contempt charge"). Thus, we affirm the district court's contempt order.

Finally, the defendants appeal the district court's issuance of a preliminary injunction preventing Powell from transferring certain assets. Because we reverse the district court's entry of summary judgment in favor of the plaintiffs, we vacate the preliminary injunction and need not consider the defendants' challenges to it. However, we note that should the plaintiffs seek an identical injunction before trial after the case is remanded, it would be difficult for the plaintiffs to establish a likelihood of success in light of this order.

Thus, we reverse the district court's entry of summary judgment in favor of the plaintiffs on their common law trademark claim and breach of contract claim, reverse the award of damages, vacate the preliminary injunction, and remand for a trial. We affirm the contempt order. We also deny the motions to file an amicus brief by Herb Reed and his attorney Joseph Vincent. The costs on appeal shall be borne by the appellees.

AFFIRMED IN PART AND REVERSED IN PART.