Larry **MARSHAK**, Helen **Williams**, **Ricky Williams, and Five Platters, Inc., Plaintiffs–Counter–Defendants–Appellees,**

v.

Herb **REED**, Defendant–Counter–Plaintiff–Appellant.

No. 01–7151.

United States Court of Appeals, Second Circuit.

June 12, 2001.

T. Christopher Donnelly, Donnelly, Conroy & Gelhaar, LLP, Boston, MA; Stanley K. Shapiro, New York, NY, on the brief, for appellant.

Lowell B. Davis, Carle Place, NY; Michael Machat, Beverly Hills, CA, on the brief, for appellees.

Present CABRANES, STRAUB, and SACK Circuit Judges.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of said District Court be and it hereby is AFFIRMED.

This appeal is the latest chapter in thirty years of litigation, among various parties, over who has the right to use and control the name of "The Platters," a successful singing group from the 1950s. In the instant case, plaintiffs sought declaratory and injunctive relief under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for Reed's alleged infringement of their unregistered trade name and service mark, false designation of origin, and unfair competition. Plaintiffs Helen Williams and Ricky Williams, the widow and son of Tony Williams, sought a determination of their rights to the name "The Tony Williams Platters" and a permanent injunction prohibiting Reed from interfering with their use of that name. Plaintiffs Larry Marshak, the manager of the Williams' performing group, and Five Platters, Inc. ("FPI"), a company formed in 1956, sought a determination of their rights to the name "The Platters" and an injunction prohibiting Reed from using the name or interfering with their use of it.

Reed, in addition to raising affirmative defenses, counterclaimed alleging that plaintiffs violated the Lanham Act by falsely representing their exclusive rights to "The Platters" name; that plaintiffs tortiously interfered with Reed's booking contracts and business relationships; that plaintiffs violated New York General Business Law § 349; and that plaintiffs engaged in false advertising in violation of New York law. Reed also sought an injunction to prevent plaintiffs from using "The Platters" name. Both sides moved for summary judgment.

Reed appeals from a judgment of the District Court entered February 13, 2001, granting plaintiffs' motion for summary judgment, denying his own motion for summary judgment, and enjoining him from (1) interfering with plaintiffs' use of "The Platters" name or any variation thereon, and (2) performing or using "The Platters" name except (a) in situations not involving commercial recordings, when he may use the name "Herb Reed and the Platters," and (b) in any situation in which he wishes to use the name "Herb [or Herbert] Reed of the Original Platters." The District Court based its decision, *inter alia*, on Reed's voluntary decision to enter

a settlement stipulation in 1987 with FPI, pursuant to the dismissal with prejudice of a suit brought against him by FPI in the Southern District of Florida ("the stipulation"). According to the terms of the stipulation, Reed, *inter alia*, agreed not to use "The Platters" name except as specifically provided for in the stipulation.

On appeal, Reed alleges that the District Court erred (1) in holding that he lacked exclusive rights to "The Platters" service mark; (2) in holding that the 1987 Stipulation does not violate public policy; and (3) in conferring on plaintiffs the right to use "The Platters" service mark.

Although no final judgment has been entered in this case, we have jurisdiction to hear this appeal of a grant of an injunction pursuant to 28 U.S.C. § 1292(a)(1). Accordingly, we may consider only the propriety of injunctive relief and the merits to the extent necessary to review issuance of the injunction. *See United States v. Allen*, 155 F.3d 35, 40 (2d Cir.1998). We review the District Court's entry of an injunction in a trademark case for abuse of discretion. *See Starter Corp. v. Converse, Inc.*, 170 F.3d 286, 298 (2d Cir.1999).

We have reviewed Reed's arguments and find them to be without merit. Accordingly, we affirm for substantially the reasons stated by the District Court in its thorough and well-reasoned opinion. In addition, we have considered the Ninth Circuit decision in *Five Platters, Inc. v. Powell*, No. CV–98–03712–MLR, 2001 WL 389453, 7 Fed.Appx. 794 (9th Cir. Apr.16, 2001), issued after the District Court's opinion in this case. While the summary disposition by the Ninth Circuit may shed some additional light on the cases discussed by the District Court in its opinion, we do not find that it clearly shows that the District Court misinterpreted those cases. We express no opinion regarding *Powell*'s effect on the parties' rights once

all appeals in that mater have been exhausted.

The order of the District Court is hereby AFFIRMED.