Larry MARSHAK, Helen Williams, Ricky Williams and Five Platters, Inc., Plaintiffs–Counter–Defendants–Appellees,

v.

Herb REED, Defendant–Counter–Plaintiff–Appellant.

Docket No. 01–7961.

United States Court of Appeals, Second Circuit.

April 18, 2002.

See also: 13 Fed.Appx. 19.

T. Christopher Donnelly, Donnelly, Conroy & Gelhaar, LLP, Boston, Mass. Stanley K. Shapiro, New York, NY, for Appellant.

Lowell B. Davis, Carle Place, NY, Michael Machat, Beverly Hills, CA, for Appellee.

Present WINTER, POOLER and B.D. PARKER, Jr., Circuit Judges.

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is VACATED AND REMANDED IN PART, REVERSED IN PART.

Herb Reed appeals from the February 1, 2001, memorandum and order of the United States District Court for the Eastern District of New York (Gershon, *J.*) granting summary judgment to plaintiffs; denying Reed's motion for summary judgment and cancelling Reed's registration of "The Platters" service mark.[1] *Marshak v. Reed,* 2001 WL 92225 (E.D.N.Y. Feb.1, 2001). He also appeals from the district court's denial of his motion to correct its July 18, 2001, judgment. For the reasons given below, we vacate and remand in part and reverse in part.

This is Reed's second appeal from the February 1, 2001, opinion and order. His first appeal was limited to a review of the injunction granted by the district court enjoining him from interfering with plaintiffs' use of The Platters name and limiting Reed's right to use The Platters name to the terms of a 1987 Stipulation. We affirmed the injunction. *Marshak v. Reed,* 13 Fed.Appx. 19 (2d Cir.2001).

More than thirty years after the Platters' heyday, members of the group, their survivors and a management company are still litigating the question: who owns the name "The Platters?" The district court thoroughly described the convoluted history between the parties, and familiarity with that opinion is assumed. *Marshak,* at 19.

Reed is one of The Platters' founding members. Reed quit the group in 1969, but he continued performing, both under The Platters name and as "Herb Reed and the Platters." In 1984, FPI sought an injunction to prevent Reed from perform-

---

1. Plaintiff Larry Marshak filed a petition under Chapter 7 of the United States Bankruptcy Code on October 22, 2001. The automatic stay prevents Reed from pursuing his claims against Marshak at this time.

ing under the Platters' name. Reed and FPI entered into a stipulation settling the lawsuit in 1987. The stipulation provided, in pertinent part, that while the agreement remained in effect, Reed would not use the name "The Platters" but could use "Herb Reed of the Original Platters," or other similar billing. It also provided:

> In the event that a court of competent jurisdiction enters a final order with all appeals being exhausted that provides that The Five Platters, Inc. has no right in the name "The Platters," then nothing contained herein shall be construed to limit Herbert Reed's rights in the name "The Platters" and this agreement shall not inure to any party other than The Five Platters, Inc. and its successors and assigns or Herb Reed.

Reed argued below that this reservation clause was triggered a number of times between 1988 and 1999, by the court decisions in *Robi v. Five Platters, Inc.*, 838 F.2d 318, 324 (9th Cir.1988), *Robi v. Five Platters Inc.*, 918 F.2d 1439, 1441–42 (9th Cir.1990), and *Robi v. Reed*, 173 F.3d 736, 739–40 (9th Cir.1999). The district court found none of the cases held FPI had no right in the Platters, thus none triggered the reservation clause. *Marshak*, 2001 WL 668656, * 19. It then entered summary judgment in favor of appellees. *Id.* at *20–21, 2001 WL 668656. The district court also issued an injunction, described above, and cancelled Reed's registration of the Platters' mark. *Id., Marshak v. Reed,* 2001 WL 799571 (E.D.N.Y. July 11, 2001).

On appeal, Reed argues the district court erred in finding the reservation clause had not been triggered. Further, he argues, even if the previous cases did not trigger the clause, then *FPI v. Monroe Powell,* 7 Fed.Appx. 794 (9th Cir.2001) did because in *Powell* the Ninth Circuit determined FPI had no rights. The district court did not consider *Powell* because

*Powell* issued after the district court's February 1, 2001, decision. In *Powell,* FPI sued Powell for breach of contract and trademark infringement of the Platters' mark. The Ninth Circuit held the district court erred in failing to give preclusive effect to earlier cases, which:

> established that FPI presented and continued to present its group as "The Platters" even though the group no longer includes any of the five people who made the name famous and that FPI used the trademark with the intention of misleading the public into believing that FPI's group is the original group. As a result, the plaintiffs may not assert any common law trademark in "The Platters" based on their prior use of the mark to the extent that the plaintiffs' use has been false and misleading in suggesting that their group is the original Platters.

*The Five Platters,* 2001 WL 389453 at *1. After the case was remanded to the district court, FPI voluntarily abandoned its infringement claim.

On appeal, appellees argue that our previous summary order encompassed both the summary judgment decision and the injunction. However, our summary order clearly limits its review to the issuing of the injunction. *Marshak,* 2001 WL 668656, at *2. Thus, the summary judgment decision is properly before us.

The district court did not have the benefit of the Ninth Circuit's teachings in *Powell* when it issued its opinion. We think the district court should consider *Powell*'s impact on its summary judgment and service mark cancellation holdings in the first instance. Accordingly, we vacate those decisions below and remand for reconsideration.

Reed also argues the district court's July 18, 2001, judgment wrongly implied that the Second Circuit affirmed both the

injunction and the summary order. In its judgment, the district court stated:

> The Court having entered judgment on February 13, 2001 for plaintiffs, against defendant, Herb Reed, pursuant to the Court's Memorandum and Order and the Injunction, dated February 1, 2001 and entered on February 6, 2001, which granted partial summary judgment to the plaintiffs and dismissed the defendant's counterclaims, affirmed by the United States Court of Appeals for the Second Circuit by Summary Order filed June 12, 2001 . . .

Reed moved to correct the judgment to reflect that only the injunction was affirmed by the Second Circuit. The district court denied the motion. Because the judgment incorrectly states that the Second Circuit affirmed the grant of summary judgment, we reverse the district court's denial of Reed's motion and order the judgment corrected.

This panel retains jurisdiction over this appeal if it becomes necessary to consider further arguments. *See United States v. Jacobson,* 15 F.3d 19, 21–22 (2d Cir.1994). Accordingly, the Clerk is directed to issue the mandate noting our retention of jurisdiction, in compliance with a *Jacobson* order filed contemporaneously with this opinion.