Larry **MARSHAK**, Helen Williams, Ricky Williams and the Five Platters, Inc., Plaintiffs,

v.

Herb **REED**, Defendant.

No. 96CV2292NGMLO.

United States District Court, E.D. New York.

Nov. 1, 2002.

Lowell B. Davis, Carle Place, NY, for Plaintiffs.

T. Christopher Donnelly, Boston, MA, for Defendant.

## ORDER

GERSHON, District Judge.

By summary order dated April 18, 2002 (mandate issued August 28, 2002), a panel of the Second Circuit ("second panel") has vacated in part and remanded for me to reconsider my decisions granting summary judgment to plaintiffs, denying summary judgment to defendant, and ordering cancellation of the defendant Herb Reed's service mark in "The Platters" in light of the Ninth Circuit's decision in *The Five Platters, Inc. v. Powell,* 7 Fed.Appx. 794, 2001 WL 389453 (9th Cir.2001). *Marshak v. Reed,* 34 Fed.Appx. 8 (2d Cir.2002). The parties have made submissions and oral argument has been heard.

### Background

By Memorandum and Order dated February 1, 2001, *Marshak v. Reed,* 2001 WL 92225 (E.D.Y.Y.2001), this court granted plaintiffs' motion for summary judgment, denied defendant Reed's motion for summary judgment, and, in an Injunction also dated February 1, 2001, enjoined Reed from interfering with plaintiffs' use of "The Platters" name and from using that name himself except as had been permitted by the terms of a 1987 Stipulation of Settlement in the Southern District of Florida entered into by Reed and The Five Platters, Inc. ("FPI"). The court held that the Stipulation of Settlement was valid and enforceable in accordance with its terms, and that Paragraph 7 of the Stipulation of Settlement had not been triggered by any intervening decision. Paragraph 7 of the Stipulation reserved Reed's ability to claim rights to the "Platters" name "[i]n the event that a court of competent jurisdiction enters a final order with all appeals being exhausted that provides that The Five Platters, Inc. has no right in the name 'The Platters.'" Judgment was entered in this court on February 13, 2001, and Reed filed notices of appeal from the judgment, the grant of the Injunction to plaintiffs, the denial of his request for an injunction, and the decision.

While the appeal was pending, the Ninth Circuit rendered its decision by summary order in *The Five Platters, Inc. v. Powell, supra.* In *Powell,* the district court had granted summary judgment for FPI on its claims of infringement of common-law trademark rights to the name "The Platters" and breach of contract. Case No. 98–CV–3712 (Real, J.). The Ninth Circuit

reversed and remanded for further proceedings in the district court, holding, *inter alia*, that the district court should not have granted summary judgment to FPI. The Ninth Circuit found that the district court had erred in declining to give preclusive effect to three earlier cases, all of which involved Paul Robi: (1) the decision by Judge Levit in Los Angeles Superior Court, *Five Platters. Inc. v. 12319 Corp.*, Case No. 43926; (2) Judge Marshall's decision in *Robi v. Five Platters, Inc.*, Case No. CV 84–3326, Central District of California; and (3) Judge Marshall's decisions in *Robi v. Bennett*, Case No. CV 93–4546. Each of these decisions had been addressed in this court's Memorandum and Order of February 1, 2001. The Ninth Circuit opinion stated that those decisions had established that FPI had engaged in misleading conduct, and it added the following:

> As a result, the plaintiffs may not assert any common law trademark in "The Platters" based on their prior use of the mark to the extent that the plaintiffs' use has been false and misleading in suggesting that their group is the original Platters. Any use identifying the group as "The Platters," "The Five Platters," "The Buck Ram Platters," or "The Original Platters" is false and misleading under those prior decisions. Thus, unless the plaintiffs can present evidence that they used the trademark in a way that was not false and misleading (*e.g.*, by identifying the group as "The Platters Since 1970" or some similarly distinguishing label), they cannot assert

a common law trademark in "The Platters."

2001 WL 389453, at *1. The court remanded "for an evidentiary hearing as to whether any of the plaintiffs' use of the mark was not false and misleading," *id.*, but in footnotes indicated the court's belief that it was "unlikely" that the plaintiffs would be able to present such evidence, and stated that, if the district court's denial of summary judgment for the defendants had been before it, the panel "would be inclined to reverse" and grant summary judgment dismissing FPI's common-law trademark claim.[1] *Id.* 7 Fed.Appx. at 796 nn. 5, 6, 2001 WL 389453 at *1, nn. 5, 6. The district court was directed to grant summary judgment to the defendants on the trademark claim if plaintiffs could not "present evidence of non-misleading use as defined by this order and the earlier decisions," or to submit the claim to a jury if evidence of non-misleading use was presented. *Id.* at 7 Fed.Appx. at 796 n. 6, 2001 WL 389453 at *1 n. 6.

On his initial appeal to the Second Circuit, Reed advised the court of the Ninth Circuit's *Powell* decision, and the parties argued its impact in the case. Reed also requested a stay of proceedings in this court on the remaining unresolved issue, plaintiffs' request for cancellation of Reed's service mark in "The Platters," pending the Second Circuit decision. Reed based his request on *Powell*, among other reasons. By order dated May 23, 2001, I directed that plaintiffs' application be held in abeyance pending the Second Circuit's decision. The Ninth Circuit de-

---

1. The opinion also stated in a footnote that plaintiffs' counsel "conceded" at oral argument "that they have never represented themselves in a way that would not mislead the public into believing that their group was the original Platters." *Id.* 7 Fed.Appx. at 796 n. 5, 2001 WL 389453 at *1 n. 5. FPI's counsel provided the court with a transcript of the oral argument before the Ninth Circuit, which this court has examined. Counsel did acknowledge that FPI's group never held itself out as "The Platters Since 1970" or some similar qualification as to time frame, but, in this court's view, did not characterize his clients as "misleading" the public.

nied FPI's request for rehearing in *Powell* on May 24, 2001. FPI's rehearing petition included a request that the court delete from its opinion the sentence that, under the specified earlier decisions, any identification of its group as "The Platters," "The Five Platters," "The Buck Ram Platters," or "The Original Platters" is false and misleading. This court and the Second Circuit were apprised of this denial.

On June 12, 2001, a panel of the Second Circuit ("first panel") affirmed my decision in a summary order, 13 Fed.Appx. 19, after considering Reed's arguments "that the District Court erred (1) in holding that he lacked exclusive rights to 'The Platters' service mark; (2) in holding that the 1987 Stipulation does not violate public policy; and (3) in conferring on plaintiffs the right to use 'The Platters' service mark." *Id.* at 20. The first panel noted its jurisdiction under 28 U.S.C. § 1292(a)(1) to hear the appeal from the grant of an injunction and to consider "the merits to the extent necessary to review issuance of the injunction." The first panel found Reed's arguments "to be without merit" and affirmed "for substantially the reasons stated by the District Court in its thorough and well-reasoned opinion." The first panel also noted that it had considered "the summary disposition by the Ninth Circuit" in *Powell,*

and found that, while that decision "may shed some additional light on the cases discussed by the District Court in its opinion, we do not find that it clearly shows that the District Court misinterpreted those cases." The court added: "We express no opinion regarding *Powell*'s effect on the parties' rights once all appeals in that matter have been exhausted." *Id.*

In light of the first panel's affirmance, this court on July 11, 2001 ordered cancellation of Reed's service mark to "The Platters", primarily because "Reed's continued registration of the mark is irreconcilable with my decision that Reed retains only a limited right to use of 'The Platters' name and may not otherwise interfere with its use by FPI and its designees.... Since the Injunction issued in this case establishes that Reed does not have such a right [*i.e.*, the exclusive right to exclude others], the mark is not properly registered to him and should be cancelled." *Marshak v. Reed,* 2001 WL 799571, at *3. Reed appealed from this decision and from the final judgment entered, and from a subsequent order denying his motion to amend the judgment.

On November 8, 2001, after the Ninth Circuit's remand of *Powell* to the district court, the district court dismissed for lack of subject matter jurisdiction.[2]

---

**2.** The district court docket sheet in *Powell* indicates that, following the Ninth Circuit's remand, the defendants filed a motion to dismiss for lack of federal jurisdiction on August 22, 2001, the plaintiffs filed papers in opposition, and the district court denied the motion to dismiss and scheduled a jury trial; that the Ninth Circuit denied a petition for a writ of mandamus; and that, instead of conducting a trial, the district court ordered the case dismissed without prejudice for lack of federal jurisdiction by order entered on November 8, 2001. Reed's counsel maintains without contradiction that the action was dismissed because FPI in the pretrial order abandoned the trademark claim, leaving only state law claims, but neither party has supplied the

court with the pretrial order or any decision or order of the district court pertaining to the dismissal.

The plaintiffs in the dismissed federal action, FPI and Personality Productions, Inc. (PPI), immediately commenced an action against Monroe Powell and others in California Superior Court, Los Angeles County (Case No. BC 262188), for breach of contract and inducing breach of contract. The defendants filed a cross-complaint against FPI, PPI, Jean Bennett and others seeking declaratory and injunctive relief and damages under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and state law, claiming, among other things, that Powell had common law trademark

The second appeal to the Second Circuit from the decisions and judgment of this court was heard by a different panel, which held that the merits of this court's summary judgment decision was properly before it, notwithstanding the first panel's affirmance, because the first panel's "summary order clearly limits its review to the issuing of the injunction." 34 Fed.Appx. at 10. Since this court "did not have the benefit of the Ninth Circuit's teachings in *Powell* when it issued its opinion," the second panel remanded for this court to "consider *Powell*'s impact on its summary judgment and service mark cancellation holdings in the first instance." *Id.*

The second panel also reversed this court's denial of Reed's motion to correct the judgment and directed that the district court judgment be corrected to reflect that the first panel affirmed only the Injunction, not the grant of summary judgment. However, it is noteworthy that all issues decided in the February 1, 2001 Memorandum and Order, which granted plaintiffs' motion for summary judgment and denied Reed's motion for summary judgment, were essential to issuance of the Injunction.

### Discussion

The second panel has directed the court to address both the "teachings" and the "impact" of *Powell* on the summary judgment and service mark cancellation decisions.

■ Having carefully reviewed the Memorandum and Order of February 1, 2001 and the earlier decisions discussed in that decision in light of the "teachings" of *Powell*, I adhere to my prior determination for the reasons set forth in the Memoran-

dum and Order and find no error in my analysis of the three cases that *Powell* specifically cites. Without repeating that discussion here, I note that, in *Robi v. Five Platters, Inc.*, Case No. CV 84–3326 (C.D. Cal., Jan. 9, 1989) (*Robi II* ), Judge Marshall found that the earlier California state court action involving Robi and FPI decided by Judge Levit was "adverse to defendants' claim of ownership of their trademark in that the court determined that *defendants were not the only parties entitled to use the registered name* and, accordingly, denied injunctions prohibiting such use by others, including [Robi]" (emphasis added). Judge Marshall's 1996 decision in *Robi v. Bennett*, Case No. CV 93–4546 (C.D. Cal., June 28, 1996) quoted this language from *Robi II*, adding: "Although the Court did adopt Judge Levit's findings canceling Defendants' exclusive rights to the name, *the Court did not make any findings either approving or disapproving of [FPI's] use of the name*" (emphasis added). And Judge Marshall's April 3, 1997 decision in *Robi v. Bennett* expressly allowed FPI to claim "that they have common law rights in the trade name 'The Platters'" as long as it did not claim that those rights stemmed from the previously-invalidated federal registration, any assignment or transfer of rights from Robi (not from anyone else) that the court had previously invalidated, or any use of the "Platters" name prior to 1989 that had been found to be false and misleading in *Robi II*. This careful qualification of the parameters of the court's ruling would have been superfluous if *Robi II* had held that FPI had no right to use the "Platters" name, or that all prior uses of that name by FPI were misleading to the public, statements that are not found in *Robi II*.

rights in "The Platters" name and mark and that the plaintiffs had wrongfully interfered with those rights. Plaintiffs filed a motion for summary judgment on the cross-complaint on

September 5, 2002; this court has not been informed of any decision on the motion, or whether the previously scheduled trial date of November 13, 2002 has been adjourned.

As to the "impact" of *Powell,* the inquiry is whether or not that decision is "a final order with all appeals being exhausted that provides that The Five Platters, Inc. has no right in the name 'The Platters' " within the meaning of Paragraph 7 of the Stipulation. If so, the Stipulation would not bar Reed from resuming use of the name "The Platters". If not, the Stipulation of Settlement should be enforced for the reasons set forth in the Memorandum and Order. I conclude that *Powell* is not a "final order" that FPI has "no right" in the name "The Platters".

The specific relief ordered by the Ninth Circuit shows that its decision is not a "final order" within the meaning of Paragraph 7. The court reversed the district court's order granting summary judgment to the plaintiffs, and it remanded for an evidentiary hearing and also possibly a jury trial to determine if FPI still had rights in the "Platters" name. Moreover, the court afforded FPI the opportunity upon remand to present evidence that its use of the mark was not false and misleading, and the court noted that it "would be improper" to rule against FPI's common-law trademark claim without affording it that opportunity, since FPI had not been required to present evidence as to its use in the district court. *Powell,* 7 Fed.Appx. at 796 n. 5, 2001 WL 389453 at *1 n. 5. Paragraph 7 explicitly requires a final determination that FPI has no rights, which the Ninth Circuit, despite language strongly adverse to FPI's claim, did not hold. Reed argues that Paragraph 7 of the Stipulation does not require a "holding" that FPI has no rights because of the use of the word "provides". But the language of Paragraph 7, with its requirement of a final order with all appeals exhausted, establishes the parties' intent that the agreement not be undone simply based upon statements in an opinion that remands for further proceedings aimed at final resolu-tion of the existence and scope of FPI's rights.

Reed also argues that the Ninth Circuit decision became "final" when FPI's petition for rehearing was denied and when FPI did not seek a writ of certiorari from the Supreme Court; and he argues "judicial estoppel" from FPI's having unsuccessfully sought rehearing. These arguments are without merit. A Circuit's denial of a petition for rehearing has no precedential value and is not a ruling on the merits of any issue between the parties. *Landreth v. Comm'r,* 859 F.2d 643, 648 (9th Cir.1988), citing with approval *In re Grand Jury Investigation,* 542 F.2d 166, 173 (3d Cir.1976), *cert. denied,* 429 U.S. 1047, 97 S.Ct. 755, 50 L.Ed.2d 762 (1977) (denial of petition for rehearing or rehearing en banc does not "imply any judgment on the merits and has no jurisprudential significance"). And the denial of rehearing cannot make "final" a decision that was not otherwise final. Likewise, the denial of certiorari, or the failure to seek certiorari, from a nonfinal decision or order does not transform it into a final order. The party that has not prevailed in the Circuit may again seek Supreme Court review, or request it for the first time, as part of the appellate process following a district court's decision on a remand that the Circuit has directed. 20 C. Wright & M. Kane, Federal Practice and Procedure: Federal Desk Handbook § 113, at 1046–47 (2002). The doctrine of judicial estoppel is inapplicable; among other things, FPI is not shown to have adopted inconsistent positions in the Ninth Circuit and here.

Nor did the Ninth Circuit order become final when the action was dismissed on remand for lack of jurisdiction. Reed concedes that "[t]he fact that FPI abandoned its Lanham Act claims against Powell after the Ninth Circuit decision is entirely irrelevant to the finality of that

appellate decision." The Ninth Circuit decision, of course, "can never be reversed, vacated or otherwise changed," as Reed asserts, particularly now that the action has terminated, but that does not transform a decision that ordered a remand to determine FPI's rights into a "final" order which determined that FPI had no rights within the meaning of Paragraph 7.

Additionally, the informality of the *Powell* decision, a brief discussion in a summary order, against a background of 30 years of litigation and conflicting decisions, and the decision's ambiguity, counsel against interpreting it as satisfying the requirements of Paragraph 7 of the Stipulation of Settlement. The order states, in one sentence of text, that plaintiffs may not assert a common law trademark in "The Platters" based upon prior use to the extent that the prior use has been false and misleading; in the next sentence, that any use of "The Platters" and other names plaintiffs had used was false and misleading under the prior decisions; and, in the next sentence, that unless FPI can present evidence of nonmisleading use it "cannot assert a common law trademark in 'The Platters.'" These sentences, upon which Reed relies, are quoted in full *supra* at pages 180–81. While the Ninth Circuit's language can be read, as Reed argues, as expressing the opinion that, whatever rights FPI may have to use "Platters" with qualifying language, FPI has no right to use the name "The Platters" without qualifying language, the language can also be read as leaving open the possibility, however remote, that FPI can establish a common law trademark right to the name "The Platters".

In sum, the limited nature of the actual holding of *Powell*, the fact that it remanded for a trial, and the ambiguities in the language upon which Reed relies, persuade me that *Powell* does not meet Paragraph 7's requirement of a "final order with all appeals being exhausted" which determined that FPI has "no right in the name 'The Platters.'" Therefore, *Powell* does not alter my previous determination. In view of this conclusion, it is unnecessary to consider whether, under Ninth Circuit Rule 36—3, the unpublished disposition in *Powell* is properly used as precedent in this action.

### Conclusion

Upon reconsideration as directed by the Second Circuit, this court adheres to its earlier decisions granting summary judgment to plaintiffs, denying summary judgment to defendant, and ordering cancellation of the defendant Herb Reed's service mark in "The Platters." Those decisions are hereby ordered reinstated. An Amended Judgment will be entered which will reflect the amendment directed by the Second Circuit.

The Clerk of Court is directed to transmit a copy of this decision to the Clerk of the Second Circuit and to arrange for transmission of the record as supplemented to that Court.

**SO ORDERED.**