**Larry MARSHAK, Helen Williams, Ricky Williams, and Five Platters, Inc., Plaintiffs–Counter–Claimants–Appellees,**

v.

**Herb REED, Defendant–Counter–Claimant–Appellant.**

**No. 01–7961(L), 01–9227(CON).**

United States Court of Appeals, Second Circuit.

Feb. 10, 2004.

T. Christopher Donnelly, Boston, Massachusetts, for Appellant.

Lowell B. Davis, Carle Place, New York, for Appellee.

Present: WINTER, POOLER and Honorable B.D. PARKER, Circuit Judges.

*SUMMARY ORDER*

Herb Reed appeals from Judge Gershon's order reinstating a grant of summary judgment in favor of appellees Larry Marshak, Helen Williams, Ricky Williams, and Five Platters, Inc., and cancelling Reed's rights to the service mark, "The Platters."

Appellees brought this action to obtain declaratory and injunctive relief under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), against Reed's use of the service mark, "The Platters." In a February 1, 2001 memorandum and order, the district court granted summary judgment in favor of appellees, denied Reed's motion for summary judgment, and enjoined Reed from interfering with appellees' use of the name "The Platters." *See Marshak v. Reed,* No. 96–CV–2292, 2001 WL 92225, 2001 U.S. Dist. LEXIS 880 (E.D.N.Y. Feb. 1, 2001). The injunction barred Reed from using the name "The Platters" except as permitted by the terms of a 1987 Stipulation of Settlement ("Stipulation") entered into by Reed and The Five Platters, Inc. in the Southern District of Florida. *See id.* at *64–66, 2001 WL 92225. The Stipulation included an escape clause reserving Reed's ability to claim rights to "The Platters" name "in the event that a court of competent jurisdiction enters a final order

with all appeals being exhausted that provides that The Five Platters, Inc. has no right in the name 'The Platters.'" *See Marshak*, 229 F.Supp.2d at 180.

While Reed's appeal from the district court's February 1, 2001 decision was pending, the Ninth Circuit issued a summary order in *Five Platters, Inc. v. Powell*, 7 Fed.Appx. 794 (9th Cir.2001), which implicated the rights of The Five Platters, Inc. to the mark, "The Platters," *id.* at 795, and might trigger the escape clause. On June 12, 2001, we affirmed by summary order, but only with respect to the injunction because no final judgment had been entered in the case. *See Marshak v. Reed*, 13 Fed.Appx. 19, 20 (2d Cir.2001). With respect to the Ninth Circuit's order, we "express[ed] no opinion regarding *Powell'*s effect on the parties' rights once all appeals in that matter have been exhausted." *Id.*

On July 11, 2001, the district court ordered cancellation of Reed's service mark to "The Platters." *See Marshak v. Reed*, No. 96–CV–2292, 2001 WL 799571, 2001 U.S. Dist. LEXIS 10429 at *10–13 (E.D.N.Y. July 11, 2001). Reed appealed again. We then vacated the district court's decision and remanded the case for reconsideration, directing that "the district court should consider *Powell'*s impact [on the escape clause] ... in the first instance." *Marshak v. Reed*, 34 Fed.Appx. 8, 10 (2d Cir.2002). On remand, the district court held that *Powell* did not trigger the escape clause in the Stipulation. *See Marshak*, 229 F.Supp.2d at 185. Reed appealed for the third time.

We review the grant of a motion for summary judgment *de novo*. *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 763 (2d Cir.2002). We affirm for substantially the reasons stated by the district court in its February 1, 2001 and November 1, 2002 orders. *See Marshak*, 2001 WL 92225, 2001 U.S. Dist. LEXIS 880; *Marshak*, 229 F.Supp.2d 179. We have considered Reed's remaining arguments and find them to be without merit.