Marshak v. Reed

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of December, two thousand twelve.

PRESENT: DENNIS JACOBS,
                <u>Chief Judge</u>,
    RALPH K. WINTER,
    SUSAN L. CARNEY,
                <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X
LARRY MARSHAK, FLORIDA ENTERTAINMENT
MANAGEMENT, INC.,
    <u>Appellants</u>,

    -v.-                             12-2147

HERB REED, JOHN DOE NOS. 1-10,
    <u>Appellees</u>.
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          CAMERON S. REUBER, Leason Ellis LLP, New York, New York (Yuval Marcus, Leason Ellis LLP, New York, New York, <u>on the brief</u>).

**FOR APPELLEES:**     ERIC M. SOMMERS, Sommers Law, PLLC, Portsmouth, New Hampshire (Robert J. Burns, Daniel I. Small, Holland & Knight LLP, New York, New York, <u>on the brief</u>).

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gershon, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Larry Marshak and Florida Entertainment Management, Inc. (collectively, "Marshak") appeal a March 12, 2012, order of the district court denying Marshak's motion for contempt and granting Herb Reed's motion to dismiss, as well as an April 24, 2012, order of the district court denying Marshak's motion for reconsideration. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review the denial of a civil contempt motion for abuse of discretion, <u>OSRecovery, Inc. v. One Groupe Int'l, Inc.</u>, 462 F.3d 87, 93 (2d Cir. 2006), and a Rule 12(b)(6) dismissal <u>de novo</u>, <u>STSI Commc'ns v. Shaar Fund, Ltd.</u>, 493 F.3d 87, 98 (2d Cir. 2007).

The allegations underlying Marshak's contempt motion mirror the substantive allegations in <u>Marshak v. Reed</u>, 11-cv-02582-NG-RML (E.D.N.Y. 2012) ("<u>Marshak II</u>"). Marshak argues that Reed violated an injunction entered by the district court in 2001 ("the 2001 Injunction"). That injunction enforced the parties' 1987 Stipulation of Settlement, which allowed Reed to pursue his claim to the "The Platters" trademark only "'in the event that a court of competent jurisdiction enters a final order with all appeals being exhausted that provides that Five Platters, Inc. has no right in the name "The Platters[.]"'" <u>Marshak v. Reed</u>, No. 96 CV 2292-NG-MLO, 2001 WL 92225, at \*10 (E.D.N.Y. Feb. 1, 2002) ("<u>Marshak I</u>").[1] Marshak cites Reed's filing of a

_____

[1] <u>Marshak I</u> was initially affirmed by this Court in 2001, <u>Marshak v. Reed</u>, 13 Fed. Appx. 19 (2d Cir. 2001), subsequently vacated and remanded in 2002, <u>Marshak v. Reed</u>, 34 Fed. Appx. 8 (2d Cir. 2002), later reconsidered and

2

trademark infringement action against Five Platters, Inc. ("FPI") in the United States District Court for the District of Nevada in 2010.  Reed's affirmative efforts to thus trigger the "escape clause" are, according to Marshak, a violation of the court order.

But neither the 2001 Injunction nor the 1987 Stipulation imposes such a restraint on Reed, in letter or spirit.  They simply provide restrictions on Reed's use of the name "The Platters," to remain in effect until a court enters a final order determining that FPI has no right to the mark.  The 2001 Injunction does not limit Reed's ability to trigger the escape clause, and the district court therefore acted well within its discretion in determining that Reed was not in contempt of its earlier order.

Marshak advanced these same allegations in Marshak II, which the district court dismissed under Fed. R. Civ. P. 12(b)(6).  The district court's principal error, Marshak contends, is that it failed to conduct a separate Rule 12(b)(6) inquiry and improperly made findings of fact in deciding the motion.  But a review of the court's opinion indicates that the district court applied the appropriate legal standard and independently considered Marshak's claims for damages.  Application of the same underlying rationale is not indicative of error; rather, it is a logical consequence of the overlap between Marshak's contempt motion and his infringement action.  Both initiatives rested on the same flawed legal theories, and both were properly dispatched without the need to engage in fact-finding. Consistency is not error.

Finding no merit in Marshak's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

reinstated, Marshak v. Reed, 229 F. Supp. 179 (E.D.N.Y. 2002), and ultimately affirmed in 2004, Marshak v. Reed, 87 Fed. Appx. 208 (2d Cir. 2004).